UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

BARBARA ANN SHAVEL ,

Plaintiff,

vs.

CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER,
individually,

Defendants.

_____/

**97-3115**

**CIV - DAVIS**

MAGISTRATE JUDGE
JOHNSON

## COMPLAINT

The Plaintiff, BARBARA ANN SHAVEL , sues the Defendants, CONDOTTI SHOPS USA,

INC., a Florida Corporation and IRWIN E. TAUBER, individually (sometimes jointly referred to

as "Defendants") and alleges:

### ALLEGATIONS COMMON TO ALL COUNTS
### PARTIES

1.  BARBARA ANN SHAVEL ("SHAVEL "): SHAVEL is an individual residing in

Dade County, Florida and is sui juris.

2.  CANDOTTI SHOPS USA, INC.("CANDOTTI"): CANDOTTI is a corporation

organized and existing under the laws of the State of Florida which does business in Dade County,

Florida.

3.  IRWIN TAUBER ("TAUBER"): TAUBER is an individual residing in Dade County,

Florida and is sui juris.  At all times material hereto, TAUBER was the President and CEO of

-1-

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

CANDOTTI and was vested with supervisory authority by CANDOTTI over SHAVEL.

## JURISDICTION AND VENUE

4.     Jurisdiction:  This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §1331 because the action arises under Title VII of the Civil Rights Act, 42

U.S.C. §2000e-5 ("Title VII") and because the amount in controversy is in excess of $75,000.00

exclusive of attorneys fees and costs.

5.     Venue:  Venue is proper by virtue of the fact that CANDOTTI does business in the

Southern District of Florida, SHAVEL and TAUBER are residents of the Southern District of

Florida and the acts complained of herein took place in the Southern District of Florida.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

6.     Notice of Right To Sue:  SHAVEL timely filed with the Metropolitan Dade County

Equal Opportunity Board and the Equal Employment Opportunity Commission (EEOC) a Charge

of Discrimination against Defendants.  SHAVEL received a notice of right to sue from the EEOC

within ninety (90) days of the filing of this Complaint.  A copy of the notice of right to sue is

attached hereto as Exhibit "A" and incorporated herein by reference.

## GENERAL ALLEGATIONS

7.     Employment: In or about September 1996, SHAVEL commenced employment by

CANDOTTI as "Store Director" at a Fendi boutique owned and operated by CANDOTTI.

8.     Compensation:  As compensation for her services. SHAVEL was to receive a base

salary plus a percentage of store sales as more particularly set forth on the "New Manager Proposal"

-2-

BARBARA ANN SHAVEL vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

attached hereto as Exhibit "B" and incorporated herein by reference.

9.     Wrongful Discharge: SHAVEL's employment by CANDOTTI was wrongfully terminated on or about November 30, 1997 as more particularly described herein.

10.    Performance by SHAVEL: Prior to SHAVEL's discharge, SHAVEL fully performed all conditions, covenants, promises, duties and responsibilities required of her.

## COUNT I
## VIOLATION OF FEDERAL LAW - SEXUAL HARASSMENT

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

11.    Employer: CONDOTTI and TAUBER are "employers" within the meaning of Title VII.

12.    Unwelcome Conduct endured by SHAVEL: During the course of her employment by CANDOTTI, SHAVEL endured the following wrongful conduct:

a.     Overt Discriminatory Remarks: TAUBER regularly used derogatory and offensive language when addressing or referring to female employees. On at least one occasion, TAUBER referred to the female employees, including SHAVEL, as "Fucking Whores".

b.     Overt Leering: TAUBER made no secret of his desire to leer at models on an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as he reviewed their photographs and chose the models.

13.    Ratification by CANDOTTI: CANDOTTI was aware of TAUBER's above described conduct but took no action to stop it, thereby ratifying, sanctioning and condoning the conduct.

-3-

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

14.    <u>Unlawful Conduct</u>: The conduct of CANDOTTI and TAUBER, as more particularly described above, constitutes unlawful harassment on the basis of sex in violation of Title VII.

15.    <u>Damages</u>:  As a proximate result of the conduct of CANDOTTI and TAUBER, as more particularly described above, SHAVEL has suffered and continues to suffer damages including, but not limited to:

    a.    substantial losses in earnings;

    b.    loss of retirement benefits and other employee benefits; and

    c.    humiliation, mental pain and anguish.

16.    <u>Attorneys Fees</u>:  SHAVEL has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein.  SHAVEL is entitled to the recovery of attorneys fees from CANDOTTI and/or TAUBER pursuant to the provisions of Title VII.

17.    <u>Reservation of Right to Amend</u>: SHAVEL believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore SHAVEL prays for entry of Judgment against CANDOTTI and TAUBER for compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

## COUNT II
## VIOLATION OF FEDERAL LAW - HOSTILE WORK ENVIRONMENT

-4-

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

18.   Employer: CONDOTTI and TAUBER are "employers" within the meaning of Title VII.

19.   Unwelcome Conduct endured by SHAVEL: During the course of her employment by CANDOTTI, SHAVEL endured the following wrongful conduct:

   a.   Overt Discriminatory Remarks: TAUBER regularly used derogatory and offensive language when addressing or referring to female employees.  On at least one occasion, TAUBER referred to the female employees, including SHAVEL, as "Fucking Whores".

   b.   Overt Leering: TAUBER made no secret of his desire to leer at models on an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as he reviewed their photographs and chose the models.

20.   Ratification by CANDOTTI: CANDOTTI was aware of TAUBER's above described conduct but took no action to stop it, thereby ratifying, sanctioning and condoning the conduct.

21.   Unlawful Conduct: The unwelcome conduct of CANDOTTI and TAUBER, as more particularly described above, had the purpose and/or effect of unreasonable interference with SHAVEL's job performance and/or created an intimidating, hostile and/or offensive working environment in violation of Title VII.

22.   Hostile Work Environment: As more particularly set forth above, SHAVEL was subjected to a hostile work environment that was detrimental to SHAVEL's emotional health.

-5-

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

23.   <u>Damages:</u>  As a proximate result of the conduct of CANDOTTI and TAUBER, as more particularly described above, SHAVEL has suffered and continues to suffer damages including, but not limited to:

    a.   substantial losses in earnings;

    b.   loss of retirement benefits and other employee benefits; and

    c.   humiliation, mental pain and anguish.

24.   <u>Attorneys Fees:</u> SHAVEL has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein.  SHAVEL is entitled to the recovery of attorneys fees from CANDOTTI and/or TAUBER pursuant to the provisions of Title VII.

25.   <u>Reservation of Right to Amend:</u> SHAVEL believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore SHAVEL prays for entry of Judgment against CANDOTTI and TAUBER for compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

## COUNT III
## VIOLATION OF FEDERAL LAW - GENDER DISCRIMINATION

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

-6-

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

26.    Employer: CONDOTTI and TAUBER are "employers" within the meaning of Title

VII.

27.    Discriminatory Conduct endured by SHAVEL: During the course of her employment

by CANDOTTI, SHAVEL endured the following wrongful conduct:

a.    Overt Discriminatory Remarks: TAUBER regularly used derogatory and

offensive language when addressing or referring to female employees. On at least one occasion,

TAUBER referred to the female employees as "Fucking Whores".

b.    Overt Leering: TAUBER made no secret of his desire to leer at models on

an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as

he reviewed their photographs and chose the models.

c.    Disparate Compensation:   Similarly  situated  female  employees  of

CANDOTTI received vastly different compensation plans to wit: the better looking the employee,

the better the commission structure and wage.

28.    Ratification by CANDOTTI: CANDOTTI was aware of TAUBER's above described

conduct but took no action to stop it, thereby ratifying, sanctioning and condoning the conduct.

29.    Unlawful Conduct: The discriminatory conduct of CANDOTTI and TAUBER, as

more particularly described above, constitutes unlawful discrimination on the basis of sex in

violation of Title VII.

30.    Damages: As a proximate result of the conduct of CANDOTTI and TAUBER, as

more particularly described above, SHAVEL has suffered and continues to suffer damages including,

-7-

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

but not limited to:

      a.     substantial losses in earnings;

      b.     loss of retirement benefits and other employee benefits; and

      c.     humiliation, mental pain and anguish.

31.     Attorneys Fees: SHAVEL has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein.  SHAVEL is entitled to the recovery of attorneys fees from CANDOTTI and/or TAUBER pursuant to the provisions of Title VII.

32.     Reservation of Right to Amend: SHAVEL believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore SHAVEL prays for entry of Judgment against CANDOTTI and TAUBER for compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

**COUNT IV**
**VIOLATION OF FEDERAL LAW - RETALIATORY DISCHARGE**

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

33     Employer:  CONDOTTI is an "employer" within the meaning of Title VII.

34.     Retaliatory Conduct: SHAVEL was terminated, in whole or in part, as a consequence

-8-

of her support of other female employees of CANDOTTI whom SHAVEL believed were wrongfully subjected to the sexually harassing and discriminatory work environment created by TAUBER at CANDOTTI.

35.   Unlawful Conduct:  The retaliatory conduct of CANDOTTI, as more particularly described above, constitutes an unlawful discharge in violation of Title VII.

36.   Damages:  As a proximate result of the conduct of CANDOTTI as more particularly described above, SHAVEL has suffered and continues to suffer damages including, but not limited to:

    a.    substantial losses in earnings;

    b.    loss of retirement benefits and other employee benefits; and

    c.    humiliation, mental pain and anguish.

37.   Attorneys Fees:  SHAVEL has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein.  SHAVEL is entitled to the recovery of attorneys fees from CANDOTTI pursuant to the provisions of Title VII.

38.   Reservation of Right to Amend:  SHAVEL believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore SHAVEL prays for entry of Judgment against CANDOTTI for compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and

-9-

further relief as this court deems just and proper.

## COUNT V
## VIOLATION OF STATE LAW - SEXUAL HARASSMENT

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

39.     The Act:  This action arises under the Florida Civil Rights Act of 1992, Florida Statutes §§760.01 through 760.11 (the "Act").

40.     Person:  SHAVEL is a "person" within the meaning of the Act.

41.     Employer:  CONDOTTI and TAUBER are "employers" within the meaning of the Act.

42.     Unwelcome Conduct endured by SHAVEL:  During the course of her employment by CANDOTTI, SHAVEL endured the following wrongful conduct:

a.     Overt Discriminatory Remarks:  TAUBER regularly used derogatory and offensive language when addressing or referring to female employees.  On at least one occasion, TAUBER referred to the female employees, including SHAVEL, as "Fucking Whores".

b.     Overt Leering: TAUBER made no secret of his desire to leer at models on an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as he reviewed their photographs and chose the models.

43.     Ratification by CANDOTTI:  CANDOTTI was aware of TAUBER's above described conduct but took no action to stop it, thereby ratifying, sanctioning and condoning the conduct.

44.     Unlawful Conduct: The conduct of CANDOTTI and TAUBER, as more particularly

-10-

described above, constitutes unlawful harassment on the basis of sex in violation of the Act.

45.    <u>Damages</u>:  As a proximate result of the conduct of CANDOTTI and TAUBER, as more particularly described above, SHAVEL has suffered and continues to suffer damages including, but not limited to:

        a.    substantial losses in earnings;

        b.    loss of retirement benefits and other employee benefits; and

        c.    humiliation, mental pain and anguish.

46.    <u>Attorneys Fees</u>:  SHAVEL has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein.  SHAVEL is entitled to the recovery of attorneys fees from CANDOTTI and/or TAUBER pursuant to the provisions of the Act.

47.    <u>Reservation of Right to Amend</u>:  SHAVEL believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore SHAVEL prays for entry of Judgment against CANDOTTI and TAUBER for compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

## COUNT VI
## VIOLATION OF STATE LAW - GENDER DISCRIMINATION

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

forth herein and further alleges:

48.     <u>The Act</u>:  This action arises under the Florida Civil Rights Act of 1992, Florida
Statutes §§760.01 through 760.11 (the "Act").

49.     <u>Person</u>:  SHAVEL is a "person" within the meaning of the Act.

50.     <u>Employer</u>:  CONDOTTI and TAUBER are "employers" within the meaning of the
Act.

51.     <u>Discriminatory Conduct endured by SHAVEL</u>:  During the course of her employment
by CANDOTTI, SHAVEL endured the following wrongful conduct:

a.     <u>Overt Discriminatory Remarks</u>:  TAUBER regularly used derogatory and
offensive language when addressing or referring to female employees.  On at least one occasion,
TAUBER referred to the female employees as "Fucking Whores".

b.     <u>Overt Leering</u>:  TAUBER made no secret of his desire to leer at models on
an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as
he reviewed their photographs and chose the models.

c.     <u>Disparate Compensation</u>:     Similarly  situated  female  employees  of
CANDOTTI received vastly different compensation plans to wit: the better looking the employee,
the better the commission structure and wage.

52.     <u>Ratification by CANDOTTI</u>:  CANDOTTI was aware of TAUBER's above described
conduct but took no action to stop it, thereby ratifying, sanctioning and condoning the conduct.

53.     <u>Unlawful Conduct</u>:  The discriminatory conduct of CANDOTTI and TAUBER, as

-12-

more particularly described above, constitutes unlawful discrimination on the basis of sex in violation of the Act.

54.    Damages:  As a proximate result of the conduct of CANDOTTI and TAUBER, as more particularly described above, SHAVEL has suffered and continues to suffer damages including, but not limited to:

        a.    substantial losses in earnings;

        b.    loss of retirement benefits and other employee benefits; and

        c.    humiliation, mental pain and anguish.

55.    Attorneys Fees: SHAVEL has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein.  SHAVEL is entitled to the recovery of attorneys fees from CANDOTTI and/or TAUBER pursuant to the provisions of the Act.

56.    Reservation of Right to Amend: SHAVEL believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore SHAVEL prays for entry of Judgment against CANDOTTI and TAUBER for compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

## COUNT VII
## VIOLATION OF STATE LAW - HOSTILE WORK ENVIRONMENT

-13-

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set forth herein and further alleges:

57.     The Act:  This action arises under the Florida Civil Rights Act of 1992, Florida Statutes §§760.01 through 760.11 (the "Act").

58.     Person:  SHAVEL is a "person" within the meaning of the Act.

59.     Employer:  CONDOTTI and TAUBER are "employers" within the meaning of the Act.

60.     Unwelcome Conduct endured by SHAVEL:  During the course of her employment by CANDOTTI, SHAVEL endured the following wrongful conduct:

        a.      Overt Discriminatory Remarks:  TAUBER regularly used derogatory and offensive language when addressing or referring to female employees.  On at least one occasion, TAUBER referred to the female employees, including SHAVEL, as "Fucking Whores".

        b.      Overt Leering: TAUBER made no secret of his desire to leer at models on an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as he reviewed their photographs and chose the models.

61.     Ratification by CANDOTTI:  CANDOTTI was aware of TAUBER's above described conduct but took no action to stop it, thereby ratifying, sanctioning and condoning the conduct.

62.     Unlawful Conduct:  The unwelcome conduct of CANDOTTI and TAUBER, as more particularly described above, had the purpose and/or effect of unreasonable interference with SHAVEL's job performance and/or created an intimidating, hostile and/or offensive working

-14-

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

environment in violation of the Act.

63.    Hostile Work Environment:  As more particularly set forth above, SHAVEL was subjected to a hostile work environment that was detrimental to SHAVEL's emotional health.

64.    Damages:  As a proximate result of the conduct of CANDOTTI and TAUBER, as more particularly described above, SHAVEL has suffered and continues to suffer damages including, but not limited to:

       a.    substantial losses in earnings;

       b.    loss of retirement benefits and other employee benefits; and

       c.    humiliation, mental pain and anguish.

65.    Attorneys Fees: SHAVEL has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for services rendered herein.  SHAVEL is entitled to the recovery of attorneys fees from CANDOTTI and/or TAUBER pursuant to the provisions of the Act.

66.    Reservation of Right to Amend: SHAVEL believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore SHAVEL prays for entry of Judgment against CANDOTTI and TAUBER for compensatory damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation, mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and further relief as this court deems just and proper.

-15-

## COUNT VIII
## VIOLATION OF STATE LAW - RETALIATORY DISCHARGE

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set

forth herein and further alleges:

67.     The Act:  This action arises under the Florida Civil Rights Act of 1992, Florida

Statutes §§760.01 through 760.11 (the "Act").

68.     Person:  SHAVEL is a "person" within the meaning of the Act.

69.     Employer:  CONDOTTI is an "employer" within the meaning of the Act.

70.     Retaliatory Conduct:  SHAVEL was terminated, in whole or in part, as a consequence

of her support of other female employees of CANDOTTI whom SHAVEL believed were wrongfully

subjected to the sexually harassing and discriminatory work environment created by TAUBER at

CANDOTTI.

71.     Unlawful Conduct:  The conduct of CANDOTTI, as more particularly described

above, constitutes an unlawful discharge in violation of the Act.

72.     Damages:  As a proximate result of the conduct of CANDOTTI, as more particularly

described above, SHAVEL has suffered and continues to suffer damages including, but not limited

to:

        a.     substantial losses in earnings;

        b.     loss of retirement benefits and other employee benefits; and

        c.     humiliation, mental pain and anguish.

73.     Attorneys Fees:  SHAVEL has retained the undersigned attorneys to represent her in

-16-

this action and has agreed to pay a reasonable fee for services rendered herein. SHAVEL is entitled

to the recovery of attorneys fees from CANDOTTI pursuant to the provisions of the Act.

74.    Reservation of Right to Amend: SHAVEL believes that the above described conduct

was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and

punitive damages.

Wherefore SHAVEL prays for entry of Judgment against CANDOTTI for compensatory

damages for lost earnings, lost retirement benefits and other employee benefits, for humiliation,

mental pain and anguish, reasonable attorneys fees, the costs of this action and for such other and

further relief as this court deems just and proper.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff repeats and realleges the allegations of Paragraph 1 through 10 above as if fully set

forth herein and further alleges:

75.    Hostile Work Environment/Gender Discrimination: As more particularly set forth

herein, TAUBER, in his capacity as an officer of CANDOTTI, was abusive, condescending, and

hostile towards female employees and essentially exhibited no regard for female employees,

regardless of their rank. As a result, SHAVEL was subjected to a hostile work environment that was

detrimental to SHAVEL's emotional health and interfered with the performance of her professional

responsibilities.

76.    Hostile Conduct endured by SHAVEL: During the course of her employment by

CANDOTTI, SHAVEL endured the following wrongful conduct:

-17-

BARBARA ANN SHAVEL vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

a.     Overt Discriminatory Remarks:  TAUBER regularly used derogatory and offensive language when addressing or referring to female employees.  On at least one occasion, TAUBER referred to the female employees, including SHAVEL, as "Fucking Whores".

b.     Overt Leering:  TAUBER made no secret of his desire to leer at models on an almost daily basis, paraded them throughout the store and exhibited inappropriate giddiness as he reviewed their photographs and chose the models.

77.     Extreme and Outrageous Character of Conduct:  TAUBER's conduct, as more particularly described above, went beyond all possible bounds of decency and  was outrageous in character.

78.     Intent of TAUBER:  TAUBER engaged in the above described conduct with the deliberate intent to inflict severe emotional distress upon SHAVEL and/or acted with a reckless disregard of the probability of causing severe emotional distress to SHAVEL .

79.     Suffering by SHAVEL:  In fact, SHAVEL suffered severe emotional distress as the result of TAUBER's conduct.

80.     Reservation of Right to Amend:  SHAVEL believes that the above described conduct was willful, wanton, malicious and reserves the right to amend this Complaint to seek exemplary and punitive damages.

Wherefore SHAVEL prays for entry of Judgment against TAUBER for compensatory damages for emotional distress including, but not limited to, humiliation, mental pain and anguish, the costs of this action and for such other and further relief as this court deems just and proper.

-18-

BARBARA ANN SHAVEL  vs. CONDOTTI SHOPS USA, INC., a Florida
Corporation and IRWIN E. TAUBER, individually,

Dated this _26th_ day of _Sept_ , 1997.

GRUMER & LEVIN, P.A.
Counsel for Plaintiff
One East Broward Boulevard
Suite 1705
Ft. Lauderdale, Florida 33301
(954) 713-2700
(954) 713-2713 Fax

By_____
KEITH T. GRUMER, ESQ.
Fla. Bar No.  504416

-19-

**EXHIBIT "A"**

| To: | From: |
|---|---|
| Barbara A. Shavel<br>19501 East Country Club Drive<br>#504<br>Aventura, FL 33180<br>☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL<br>(29 C.F.R. 1601.7(a))* | **Miami District Office**<br>**Equal Employment Opportunity Commission**<br>**One Biscayne Tower, Suite 2700**<br>**2 South Biscayne Boulevard**<br>**Miami, Florida  33131-1805** |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 15C970056 | James Colon, State & Local Coordinator | (305) 536-4454 |

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[x] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[x] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

SEP 24 1997
(Date Mailed)

FOR

Federico Costales, District Director

Enclosures
Information Sheet
Copy of Charge

cc: Keith T. Grumer, Esq.          Condotti Shops USA, Inc.
    Grumer & Levin, P.A.            Ellen M. Leibovitch, Esq.
    One East Broward Blvd           Adorno & Zeder
    Suite 1705                      2601 South Bayshore Drive
    Ft. Lauderdale, FL 33301        Suite 1600
                                    Miami, FL 33133

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit <u>before 7/1/98</u> -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charges are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

**EXHIBIT "B"**

BAL HARBOUR

BAL HARBOUR

Barbara - review on (type)

## BAL HARBOUR NEW MANAGER PROPOSAL
### 9/26/96

| | 1995 ANN | 1996 ANN | %VAR | 1997 ANN | VAR % | 1998 ANN | VAR % | 1999 ANN | VAR % |
|---|---|---|---|---|---|---|---|---|---|
| SALES | 2832.2 | 2832.2 | N/A | 3120 | 10% | 3500 | 12% | 4000 | 14% |
| 2.0% O.R. | | | | | | | | | |
| 1.75% O.R. | | | | | | | | | |
| 1.50% O.R. | | | | | | | | | |
| 1.0% O.R. | | | | | | | | | |
| .75% O.R. | | 21.2 | | | | | | | |

**vol$2832-3499 .75% eligible 23.0

vol$3500-3999 1.0% eligible 35.0

vol$4000plus 2.0% eligible 80.0

| OFFER | | | $$ TOTAL | | $$ TOTAL | | $$ TOTAL | | $$ TOTAL |
| | | | % B/O R | | % B/O R | | % B/O R | | % B/O R |

FIRST 3 MOS: 75%O R / 22.0 BASE   @43.0 50/50

ANNUAL 1997:
.75%O.R.
25.0 BASE
** ann'96$-3499

@48.0   52/43
3.5
3.0
2.0

ADD'L 2.0%
SALES OVER
PLAN
(OVERRIDE)
$175.0
$150.0
$100.0

ANNUAL 1998:
1.0%O.R.
25.0 BASE

@60   42/58
3.5
3.0
2.0

ADD'L 2.0%
SALES OVER
PLAN
(OVERRIDE)
$175.0
$150.0
$100.0

ANNUAL 1999:
2.0%O.R.
25.0 BASE

@105.0   24/76
3.5
3.0
2.0

ADD'L 2.0%
SALES OVER
PLAN
(OVERRIDE)
$175.0
$150.0
$100.0

REVIEW SALES AND PERFOMANCE IN JAN '97

1 WEEK VACATION AFTER FIRST YEAR (SEPT 97)

CIVIL COVER SHEET

**97-3115**

**CIV - DAVIS**

MAGISTRATE JUDGE
JOHNSON

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Barbara Ann Shavel

## DEFENDANTS

Condotti Shops USA, Inc., a Florida
corp., and Irwin E. Tauber, individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

4-DADE/97 CV 3115/ DAVIS / JOHNSON

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Grumer & Levin, P.A.
One E. Broward Blvd., # 1705
Ft. Laud., FL 33301  (954) 713-2700

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Discrimination

IVa. _____ days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| A CONTRACT | TORTS | | A FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **B LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | B ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B ☐ 530 General | B ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions *A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights *A or B | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  9/26/97

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F  1-2

FOR OFFICE USE ONLY:  Receipt No. 682246  Amount: 150.00
09/29/97